UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FINDERS KEEPERS USA LLC, )<br>)<br>  *Plaintiff*, )<br>)<br>  v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>  *Defendant*. )<br>) | Civil Action No. 22-0009 (APM) |

## JOINT STATUS REPORT

Plaintiff, Finders Keepers USA LLC, and Defendant, the United States Department of Justice, by and through their undersigned counsel, respectfully submit the following Joint Status Report pursuant to the Court's May 27, 2022, Order. ECF No. 22.

### *BACKGROUND*

1. On January 4, 2022, Plaintiff filed a Complaint, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, seeking to compel production of documents responsive to Plaintiff's May 8, 2018, FOIA request. *See* ECF No. 1.

2. On March 4, 2022, Defendant filed its Answer. *See* ECF No. 10.

3. On April 18, 2022, the Court entered an Order, providing in part, that:

the FBI to process Plaintiff's FOIA request at a rate of 1,000 pages per month with the first production due in 30 days and productions thereafter every 30 days; and the court further orders that the FBI provide Plaintiff all non-exempt responsive records at no cost to Plaintiff; and the court further orders that the FBI implement Plaintiff's prioritization and first process the enviroscan report and the photographs before processing the remaining documents, with the exception of the videotapes, which shall be the subject of a further order.

ECF No. 15.

5.    In accordance with the Court's April 18, 2022, Order, FBI completed its first release of 1035 pages reviewed and 1035 pages released in May. FBI is on track to make a final release on June 17, 2022.

6.    On May 27, 2022, the Court entered an Order, providing in part:

> Consistent with the goal of expeditiously getting Plaintiff the footage that matters the most, the court orders the FBI to review the four videotapes (if it has not done so already), and advise Plaintiff by June 8, 2022, whether any of the four videotapes depict the discovery, removal, or transport of gold (or anything else) from the Dents Run dig site. If a videotape contains such footage, Defendant shall begin processing such videotape from its start in 30-minute increments per month until completion with the first release to occur by no later than July 15, 2022. If more than one videotape contains such depictions, the parties can confer on which videotape Defendant will process first. The processing of the second through fourth videotapes can take place in 15- minute increments, unless more expedited review is ordered by the court.
> The parties shall file a Joint Status Report by June 15, 2022, which updates the court on the disclosures made on June 8, 2022, and any subsequent discussions about prioritization of processing.

ECF No. 22. The May 27, 2022, Order also provided that

> [t]he court is assuming that each videotape contains approximately one hour of footage, such that the first videotape could be processed and produced in two months. If that assumption turns out to be wrong, Defendants shall so adevise the court.

*Id.*

7.    On June 7, 2022, pursuant to the Court's May 27, 2022, the FBI provided Plaintiff a list of the four videos that were serialized into the FBI's main investigative file. *See* Exhibit A. None of the videos on the list proport to show the removal or discovery of gold or dirt or anything else from the Dents Run Dig site.

8.    On June 10, 2022, Plaintiff's counsel filed a motion for sanctions, ECF No. 23, and a motion for leave to conduct discovery, ECF No. 24. One of the exhibits presented a photograph of an individual at Dent's Run dig site that purported to show an individual with a video camera.

ECF No. 24-3.

## *Defendants' Statement*

9.      Upon receipt of this information the FBI's Information Management Division ("IMD") contacted the FBI Field Office in Philadelphia to determine who the individual was in the video and whether any videos of the Dents Run dig site were in existence other than the four that were in the FBI's Main Investigative File. Further researched determined that the individual pictured was an employee of the FBI's Office of Public Affairs ("OPA"). The Records Management Division contacted the Public Relations Office to determine whether the Public Relations Office was in possession of any videos taken at Dent's Run dig site.  The OPA confirmed that one individual from the Public Relations Office was on the Dents Run dig site and had produced 65 "video clips" of Dents Run dig site. The 65 "video clips" were not uploaded into the FBI's main investigative file, which accounts for RIDS not locating them during the initial search. The 65 "video clips" and run for an approximate total time of 43.34 minutes. The "video clips," described in more detail in Exhibit B, do not depict the discovery, removal, or transport of gold (or anything else) from the dig site and will be processed and released to Plaintiff in 15 minute increments.

10.     The FBI has no further information or leads that would indicate any other videos of the Dent's Run dig site were made by or are in the possession of the FBI.

## *Plaintiff's Statement*

11.     Plaintiff submits that given Plaintiff's pending motions for sanctions and discovery, Defendant should respond to the factual issues those motions raise with declarations and admissible evidence, not through a statement of counsel as Defendant attempts to do here.

12. Further, given that the four videotapes the FBI has confirmed are in its possession originated with Plaintiff and were created prior to the FBI's excavation at Dents Run in March 2018, Plaintiff has no interest in obtaining yet another copy of those videotapes from the FBI through this litigation.

## *PROPOSED FUTURE STEPS*

13. In light of the above, the parties suggest that they be permitted to file a Joint Status Report on or before July 15, 2022. Should issues arise earlier that necessitate the Court's intervention, the parties will file an Interim Status Report at that time.

Dated: June 15, 2022

  /s/ Anne L. Weismann
ANNE L. WEISMANN
D.C. Bar No. 298190
5335 Wisconsin Avenue, NW
Suite 640
Washington, DC 20015
(301) 717-6610
Weismann.Anne@gmail.com

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

  /s/ T Anthony Quinn
T. ANTHONY QUINN
D.C. Bar No. 415213
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 252-7558
Tony.Quinn2@usdoj.gov

*Counsel for Defendant*