UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FINDERS KEEPERS USA LLC, | |
| *Plaintiff,* | |
| v. | Civil Action No. 22-0009 (APM) |
| U.S. DEPARTMENT OF JUSTICE, | |
| *Defendant.* | |

**DEFENDANT'S OPPOSITION TO PLANTIFF'S MOTION
FOR LEAVE TO CONDUCT DISCOVERY**

Defendant, the United States Department of Justice (the "Department"), by and through undersigned counsel, respectfully submits this opposition to Plaintiff's motion for leave to conduct discovery (ECF No. 24).

**PRELIMINARY STATEMENT**

Plaintiff, Finders Keepers USA LLC, brought this action under the Freedom of Information Act ("FOIA") in connection with a May 8, 2018, request for records submitted to the Federal Bureau of Investigation ("FBI"). Despite the fact that Defendant has not yet filed its motion for summary judgment and supporting declarations articulating the details of the searches conducted and why those searches were reasonable and adequate, Plaintiff has filed the instant Motion for Leave to Conduct Discovery (ECF No. 24) requesting that this Court "grant Plaintiff targeted discovery to ensure public accountability for the FBI's actions." *Id*. at 1. Plaintiff asks the Court to allow it to take three depositions. *Id*. at 7-8. Plaintiff asserts that the three deponents "likely possess[] relevant facts that will shed light on the government's conduct in responding to Plaintiff's FOIA request," including, apparently, the names of FBI agents and other people present at the dig. *Id*. at 8. For the reasons discussed below, the Court should deny the motion.

**LEGAL STANDARD**

"[D]iscovery is rarely appropriate in FOIA cases," *Pavement Coatings Tech. Council v. U.S. Geological Surv.*, 995 F.3d 1014, 1024 (D.C. Cir. 2021), and it should be permitted only when there is a genuine issue as to the adequacy of the agency's search, its identification and retrieval procedures, or its good faith in processing the FOIA request. *See Accuracy in Media, Inc. v. Dep't of Def.,* Civ. A. No. 14-1589 (EGS/DAR), 2020 WL 9439354, at *12 (D.D.C. Aug. 27, 2020) ("[d]iscovery is only appropriate if a FOIA plaintiff 'raises a sufficient question as to the agency's good faith in searching for or processing documents' or 'agency affidavits do not provide information specific enough to enable [the plaintiff] to challenge the procedures utilized'" (alteration in original) (quoting *Cole v. Rochford,* 285 F. Supp. 3d 73, 76 (D.D.C. 2018)); *Gawker Media, LLC v. Dep't of State,* 266 F. Supp. 3d 152, 157 (D.D.C. 2017) (explaining that "limited discovery may be appropriate in certain circumstances, such as when 'it appears an agency has not undertaken an adequate search for responsive documents,' or 'when a plaintiff raises a sufficient question as to the agency's good faith in processing documents in response to a FOIA request." (internal citations omitted)).[1]

The exception to the limited scope of discovery permissible in FOIA cases is when the plaintiff raises a sufficient question as to the agency's good faith in responding to the FOIA request. *See, e.g.*, *Accuracy in Media, Inc. v. Nat'l Park Serv.*, 194 F.3d 120, 124–25 (D.C. Cir. 1999) (upholding denial of discovery based on "speculative criticism" of the agency's search); *see also Carney v. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to justify discovery once

---

[1] Indeed, this Court's Local Civil Rule ("Local Rule") 26.2(a) was amended specifically to exempt FOIA actions from the initial disclosure requirements of Federal Rule of Civil Procedure ("Rule") 26(a)(1). *See* LCvR 26.2(a)(9). Similarly, Local Rule 16.3(b) was amended to exempt FOIA actions from the duty to meet and confer, noting that FOIA actions were included on the list of exempt cases "because they are actions that typically do not require discovery or actions in which an initial disclosure requirement would not make sense." LCvR 16.3(b) (comment).

the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.") (citations omitted).

Unsubstantiated claims of bad faith are not enough to allow discovery. *Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005). Proffered evidence cannot merely be comprised of "purely speculative claims about the existence and discoverability of other documents." *Flowers v. IRS*, 307 F. Supp. 2d 60, 67 (D.D.C. 2004). Furthermore, courts reject the notion that plaintiffs in a FOIA case are entitled to discovery in hopes of elaborating on and further verifying affidavit testimony. *Broaddrick v. Exec. Off. of President*, 139 F. Supp. 2d 55, 63 (D.D.C. 2001). Rather, in opposing a motion for summary judgment, the plaintiff must "state concrete[ly] why she could not, absent discovery, present by affidavit facts essential to justify her opposition to [the agency's] summary judgment motion." *Id.*[2] This case has not yet even reached summary judgment motions.

Even in the rare FOIA action where discovery is considered as a possibility, the government should first be permitted to submit its dispositive motion and supporting affidavits and have an opportunity to rebut allegations that its affidavits are insufficient. *Mil. Audit Project v. Casey*, 656 F.2d 724, 750 (D.C. Cir. 1981); *Founding Church of Scientology v. Marshals Serv.*, 516 F. Supp. 151, 156 (D.D.C. 1980).

---

[2] Plaintiff asserts that *Judicial Watch v. Department of Commerce*, 34 F. Supp. 2d 28 (D.D.C. 1998), presents a "comparable situation" to this case. Significantly, *Judicial Watch* concerned initially three, and subsequently a four, FOIA requests to the Department of Commerce, an initial motion for summary judgment after which the Court ordered discovery on the issue of the adequacy of the agency's search for documents, a second motion for summary judgment, evidence that the agency had illegally destroyed and removed from its custody responsive documents, apparently in an attempt to circumvent the disclosure requirements of the FOIA and the Court's orders, and much later defendant's motion for summary judgement against itself. The number of FOIA requests and the procedural posture in *Judicial Watch* greatly distinguish these two cases.

## ARGUMENT

I.     **PLAINTIFF'S MOTION IS PREMATURE**

To determine whether limited discovery may be appropriate, the court evaluates the agency's affidavits submitted in support of its motion for summary judgment. *See Cole*, 285 F. Supp. 3d at 77 ("In determining whether limited discovery may be appropriate, a court typically evaluates an agency's affidavits[.]"); *Jordan v. Dep't of Just.,* 315 F. Supp. 3d 584, 596 (D.D.C. 2018) (explaining that, because agency had not yet filed its dispositive motion and supporting affidavits, the record was not "sufficiently developed" for the court to evaluate whether discovery was warranted). "If a court is satisfied that the affidavits supplied by the agency meet the established standards for summary judgment in a FOIA case and [the] plaintiff has not adequately called these submissions into question, no factual dispute remains, and discovery is inappropriate." *Pub. Citizen Health Rsch. Grp. v. FDA*, 997 F. Supp. 56, 72-73 (D.D.C. 1998), *aff'd in part, rev'd in part*, 185 F.3d 898 (D.C. Cir. 1999); *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991) (affirming district court's decision to deny discovery as to adequacy of search, based on a determination that agency's affidavits were sufficiently detailed).

Because a determination regarding whether discovery should be permitted necessarily depends on an evaluation of the factual record that is primarily comprised of declarations provided by the agency, and such declarations are generally not provided until the agency files its motion for summary judgment, courts typically deny as premature any request for discovery that is submitted prior to the time the government moves for summary judgment. *See, e.g., Cole,* 285 F. Supp. 3d at 76 (denying motion for discovery as "premature" because government had not yet moved for summary judgment); *Jordan,* 315 F. Supp. 3d at 596 (holding that agency was not required to respond to plaintiff's discovery request because the agency had not yet filed its motion for summary judgment and, therefore, the record was not sufficient to determine whether discovery

4

was appropriate); *Taylor v. Babbitt,* 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("[i]n the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment"); *see also Murphy v. FBI,* 490 F. Supp 1134, 1136-37 (D.D.C. 1980) (granting protective order, because "[w]hether the instant case warrants discovery is a question of fact that can only be determined after the defendants file their dispositive motion and accompanying affidavits," and that then the issue will be whether "the government affidavits satisfy the court that the search was adequate and complete").

Defendant in this case has not yet filed its motion for summary judgment in its favor on any FOIA claim in this case. Consequently, the Court should deny Plaintiff's Motion as premature.

## II. PLAINTIFF'S ARGUMENTS BASED ON DEFENDANT'S INTIAL DECLARATIONS DO NOT JUSTIFY DISCOVERY

Plaintiff's Motion attaches and relies, in part, on a declaration that Defendant has submitted regarding the request for a scheduling order for the processing of video. *See* ECF No. 17-2, Declaration of Michael G. Seidel. Plaintiff's Motion argues that discovery is warranted based on what it perceives as the agency's purported "bad faith." This argument fails for multiple reasons.

First, in the June 15, 2002, Joint Status report, Defendant represented that:

Upon receipt of this information [that there was a picture of a videographer] the FBI's Information Management Division ("IMD") contacted the FBI Field Office in Philadelphia to determine who the individual was in the video and whether any videos of the Dents Run dig site were in existence other than the four that were in the FBI's Main Investigative File. Further research[] determined that the individual pictured was an employee of the FBI's Office of Public Affairs ("OPA"). The Records Management Division contacted the Public Relations Office to determine whether the Public Relations Office was in possession of any videos taken at Dent's Run dig site. The OPA confirmed that one individual from the Public Relations Office was on the Dents Run dig site and had produced 65 "video clips" of Dents Run dig site. The 65 "video clips" were not uploaded into the FBI's main investigative file, which accounts for RIDS not locating them during the initial search. The 65 "video clips" run for an approximate total time of 43.34 minutes. The "video clips," described in more detail in Exhibit BN do not depict the

>discovery, removal, or transport of gold (or anything else) from the dig site and will be processed and released to Plaintiff.

ECF No. 25 ¶ 9. Defendant further represented that the FBI had no further information or leads that would indicate any other videos of the Dent's Run dig site were made by or are in the possession of the FBI. *Id*. ¶ 9. Thus, as represented, the videos apparently taken by the man in the photograph were not where the FBI initially searched—the case file.

Second, the declaration was provided to address the processing of videotapes and does not provide the complete picture of Defendant's actions in processing the FOIA request. For example, Plaintiff's Motion asserts that discovery is warranted because of the supposedly now-fully aired issue regarding an inconsistency Plaintiff asserts—based on Plaintiff's misunderstanding of the FBI's past statement—about the number of videos at issue.[3]

Third, even if that declaration were an appropriate basis upon which to determine the adequacy of the Agency's search and production, the presence of deficiencies, if any, in that declaration would still not justify granting discovery. Indeed, the D.C. Circuit cautioned courts in this Circuit against granting discovery in FOIA matters even where an agency's affidavits are

---

[3]   Plaintiff again relies on an FBI processing cost estimate fee letter dated August 6, 2019, in which the FBI stated that it had "17 video files" that were *potentially* responsive to Plaintiff's FOIA request, in addition to 2,378 responsive pages of records. *See* ECF No. 17-2 ¶ 4-5. Plaintiff further relies on Defendant's Answer, in which Defendant admitted the letter's contents. *Id.*

However, the FBI advised only that, "The FBI located video files that are potentially responsive to the subject of your request. If all of the potentially-responsive media is released, you will owe $255.00 (17 CDs at $15.00 each)."

The FBI did not indicate that it had located 17 videos. The letter's clear language merely informed Plaintiff of production cost estimates for media, which could include up to 17 CDs to provide the videos. As reiterated several times, four potentially responsive videos were the basis of the FBI's estimate and, based on the FBI's interim release policy for media, the non-exempt information would be provided across an estimated 17 monthly productions of one CD per month.

insufficient to carry the agency's burden under FOIA.  *See Pavement Coatings*, 995 F.3d at 1024.  The Court explained that "the preferred approach, if possible, is to resolve the lawsuit without discovery and by summary judgment.  [Consequently,] [i]f the District Court believes that it can resolve [a FOIA] case for one side or the other with supplemental affidavits and further summary judgment briefing, it should do so."  *Id.*

Notably, this guidance from the D.C. Circuit is not new.  Rather, it is simply the latest articulation of the longstanding practice of courts in this Circuit that, "[w]hen . . . the record includes deficient declarations, the courts generally will request that the agency supplement its supporting declarations instead of ordering discovery."  *Isiwele v. Dep't of Health & Human Servs.*, 85 F. Supp. 3d 337, 344 (D.D.C. 2015) (quotation marks and citation omitted); *see, e.g., Am. Oversight v. Dep't of Just.*, 401 F. Supp. 3d 16, 23 (D.D.C. 2019) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits."); *Beltranena v. Clinton,* 770 F. Supp. 175, 187 (D.D.C. 2011) (denying requests for discovery and instead ordering agency to supplement its affidavits to establish that it conducted adequate searches); *Jarvik v. CIA,* 741 F. Supp. 2d 106, 122 (D.D.C. 2010) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits.").

Finally, Plaintiff's FOIA request was broad.  Plaintiff requested, in part:

> Copies of all public records pertaining to FBI's investigation of an alleged missing shipment of gold purportedly buried in Pennsylvania state forest land in Dents Run, Elk County, Pennsylvania . . .

*See* Exhibit A, May 8, 2018, letter.  However, Plaintiff complains that the production of the videotapes "provided by Dennis Parada—co-owner of Plaintiff Finders Keepers—to the FBI well before the FBI conducted its excavation at Dents Run," *see* ECF No. 24-1 at 5—exemplifies

7

agency bad faith. But Defendant should not be found to have acted in bad faith for reviewing, processing, and producing the responsive video even if their contents were known to the Plaintiff.

### III. PLAINTIFF'S MOTION EXEMPLIFIES WHY THE COURT SHOULD REFRAIN FROM GRANTING PLAINTIFF'S REQUEST FOR DISCOVERY

The arguments Plaintiff asserts in its motion demonstrate precisely why the Court should not entertain discovery motions in FOIA matters until after the agency has filed its dispositive motion and supporting declarations. Significantly, Plaintiff's argument ignores the well-settled principle that "failure of an agency to turn up one specific document in its search does not alone render a search inadequate." *Morley v. CIA,* 508 F.3d 1108, 1120 (D.C. Cir. 2007). Even putting that aside, Plaintiff's motion fails to articulate exactly why depositions are needed when the Agency's declarations that would be provided with its motion for summary judgment could very well provide a reasonably detailed description of the search that establishes that all appropriate leads were followed and all locations reasonably likely to contain responsive records were searched. Moreover, there is no reason why discovery of the identities of those present at the dig site is necessary.

In short, the arguments that Plaintiff makes in support of its request for discovery are largely based on incomplete information or Plaintiff's misapprehension of information that it has been provided. As such, the Court, not the Plaintiff, will need to determine what, if any, deficiencies may exist in the search or processing involving Plaintiff's FOIA request before determining whether discovery is warranted. And, because the Court's determination can only be made upon a complete record—and the record will not be complete until full briefing on Defendant's motion for summary judgment has been submitted—the Court should deny Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to Conduct Discovery.

Dated: June 30, 2022

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ T Anthony Quinn*
T. ANTHONY QUINN
D.C. Bar No. 415213
Assistant United States Attorney
Civil Division
601 D St., NW
Washington, D.C. 20530
(202) 252-7558
tony.quinn2@usdoj.gov

*Counsel for Defendant*