IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FINDERS KEEPERS USA LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-0009 (APM) |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

The opposition by Defendant U.S. Department of Justice ("DOJ") to Plaintiff's motion for sanctions ("D's Sanctions Opp.") asks this Court to ignore the plain meaning of Plaintiff's Freedom of Information Act ("FOIA") request, set aside common sense, and accept the demonstrably false proposition that the FBI acted at the first indication that additional responsive videotapes exist. Rather than providing a basis to deny the motion, Defendant's opposition reinforces its contumacious conduct and the appropriateness of sanctions.

First, Plaintiff's motion stems from the FBI withholding critical information from Plaintiff and the Court, namely that the FBI obtained the four videotapes it claimed constituted the entirety of responsive videotapes directly from a co-owner of Plaintiff Finders Keepers nearly three months before the FBI conducted its Dents Run excavation. As such they fall outside the scope of Plaintiff's request, which seeks:

> (1) Copies of all public records pertaining to the FBI's investigation of an alleged missing shipment of gold purportedly buried in Pennsylvania state forest land in Dents Run, Elk County, Pennsylvania;
> (2) Copies of all documents relied upon in support of a request to the Federal Court in Pittsburgh for authorization to dig at the site in Dents Run;
> (3) Copies of all communications with Enviroscan pertaining to scientific sampling and analysis of Dents Run, including the report on the Enviroscan findings;

>(4) Copies of all requisitions for expenditures associated with the investigation at Dents Run;
>(5) Copies of the inventory of items collected from the Dents Run site; and
>(6) Copies of authorization for FBI agents to commence an investigation of the purported missing shipment of gold.

Compl. ¶ 45.

The videotapes as described by the FBI, *see* Exhibit A to Memorandum of Points and Authorities in Support of Plaintiff's Motion for Sanctions (ECF No. 23-2), do not qualify as "public records" pertaining to the FBI's investigation, the first requested category of records. They are neither "public," nor were they created and provided to the FBI during the course of any investigation. To the contrary, they were provided to the FBI during the initial meeting the Finders Keepers owners had with the FBI to advise it of the existence of gold at Dents Run. While the video containing a *History Channel* episode could conceivably be characterized as a public record—something Plaintiff does not concede—it is ludicrous to suggest Plaintiff would seek another copy from the FBI through the FOIA. Moreover, the episode was aired on March 15, 2013, five years before the events in question. Accordingly, the videotapes fall outside Plaintiff's FOIA request.

As to the second category, according to the application the FBI filed in support of its warrant to conduct the excavation the information in the supporting affidavit was based on the personal knowledge of the affiant, "interviews with Person 1, Person 2, and Person 3, as well as information supplied by United States Mint officials, other government and museum officials, and public documents." Affidavit of Jacob B. Archer at ¶ 10 (ECF No. 1-1 at p. 3). The videotapes fall into none of these categories and therefore are not encompassed by the second category of documents sought in Plaintiff's FOIA request.

Nor are the videotapes at issue communications with Enviroscan, requisitions for expenditures, an inventory of items collected from the Dents Run site, or authorization for FBI agents to investigate the missing gold—the remaining categories of documents Plaintiff requested. Accordingly, the "plain language" of the FOIA request, which DOJ asks this Court to consider, D's Sanctions Opp. at 6, compels the conclusion that none of the four videotapes are properly considered responsive, even applying a "liberal[]" construction, *id.*, of Plaintiff's request.

Second, common sense reinforces this conclusion. Why would Plaintiff fight so hard to access videotapes already in its position? Given the limited resources the FBI claims to have and the outrageously long processing schedule it initially proposed, Plaintiff has *no* incentive to waste either the FBI's or this Court's resources to obtain videos Plaintiff itself provided the FBI in January 2018 that reveal nothing about what Plaintiff seeks—evidence of what the FBI found at Dents Run in March 2018. On this, Plaintiff has been crystal clear: it seeks videotapes that the FBI created during the dig on March 13 and 14, 2018, that would document whether the FBI found gold that it represented to a federal district court was buried at Dents Run. Clearly videotapes already in the Plaintiff's possession would shed no light on that question. Thus, the issue here is not what the FBI "should have surmised" about the meaning of Plaintiff's FOIA request, D's Sanctions Opp. at 7, but why the FBI ignored the plain language of that request and common sense and withheld any description of the tapes until ordered to provide one by the Court.[1]

---

[1] It is the answer to this, among other questions, that Plaintiff seeks in its separately filed motion for discovery.

Third, the FBI claims to have acted "[p]romptly upon receiving from Plaintiff a concrete lead indicating that FBI's initial search might not have uncovered all responsive videos[.]" D's Sanctions Opp. at 7. This is false. In fact, the FBI's failure to conduct any investigation of any kind into the missing videotapes when Plaintiff first provided the FBI evidence of the videotapes' existence forms one of the bases for Plaintiff's motion for discovery.

Plaintiff initially identified the presence of an FBI videographer at the Dents Run dig in its Complaint filed on January 4, 2022. Compl. ¶ 38 (ECF No. 1). On May 9, 2022, Plaintiff filed its opposition to Defendant's request that the Court enter a videotape processing schedule that would allow the FBI to process only 15 minutes of videotape per month (ECF No. 17). In response to the FBI's argument that this timeline was appropriate in part because of the challenges posed by processing "outdated, analog formats, and digital files "from third party sources," Declaration of Michael G. Seidel at ¶¶ 16, 17 (ECF No. 17-2), Plaintiff pointed out among other things that the videotapes at issue "*were created by the FBI itself in 2018*." Plaintiff's Opposition to Defendant's Motion for a Video Processing Schedule at 12 (ECF No. 19) (emphasis added). In support Plaintiff cited to and included a photograph depicting the FBI videographer at the Dents Run site on March 13, 2018, at 10:04 a.m. *See* Exhibit A to Plaintiff's Opposition to Defendant's Motion for a Videotape Processing Schedule (ECF No. 19-1). In other words, the FBI had this evidence as of May 9, 2022. DOJ, however, ignored this evidence entirely, failed to address in any respect Plaintiff's claim that the videotapes at issue originated with the FBI, and instead continued to insist that "there are four (4) responsive videos," Second Declaration of Michael G. Seidel at ¶ 22 (ECF No. 21-1), in the last brief filed on this issue.

As this timeline makes clear and contrary to its claim the FBI did not act "[p]romptly upon receipt of" the photograph Plaintiff included with its opposition filed on May 9, 2022.

Seidel Decl. at ¶ 7 (ECF No. 28-1). Only after Plaintiff moved for sanctions and discovery on June 10, 2022—one month later—based in part on the FBI's failure to account for the videotapes created by its own videographer, did the FBI take any steps to locate the missing tapes.

In sum, Plaintiff's motion for sanctions stems from the conduct of the FBI and its counsel, who withheld from Plaintiff and the Court the nature of the four videotapes the FBI claimed were all it had until ordered to provide a description. Only then did it come to light that the FBI had requested 17 months to process four videotapes already in Plaintiff's possession that the FBI received from Plaintiff months before the Dents Run dig even took place. DOJ's response to the sanctions motion brought to light yet another sanctionable action, namely its misrepresentation of having acted "promptly" upon receipt of photographic evidence from Plaintiff that additional videotapes exist. All of this has served to vexatiously multiply these proceedings, resulting in additional delay and obfuscation.

## CONCLUSION

For all these reasons, and those set forth in its opening brief, Plaintiff respectfully requests that this motion be granted.

> Respectfully submitted,
>
> */s/ Anne L. Weismann*
> Anne L. Weismann
> (D.C. Bar No. 298190)
> 5335 Wisconsin Avenue, N.W., Suite 640
> Washington, D.C. 20015
> Phone: 301-717-6610
> Weismann.anne@gmail.com

Dated: July 8, 2022                                *Attorney for Plaintiff*