UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

        Plaintiff,

           v.

UNITED STATES DEPARTMENT OF JUSTICE,

        Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2018-05-09T00:37:12.375760+00:00 Status: pending Message:

# Organization Representative Information

| | |
|---|---|
| Organization Name | Finders Keepers |
| Prefix | |
| First Name | William |
| Middle Name | Joseph |
| Last Name | Cluck |
| Suffix | Esquire |
| Email | billcluck@billcluck.com |
| Phone | 717-238-3027 |
| Location | United States |

# Domestic Address

| | |
|---|---|
| Address Line 1 | 587 showers street |
| Address Line 2 | |
| City | HARRISBURG |

| | |
|---|---|
| **State** | Pennsylvania |
| **Postal** | 17104 |

# Agreement to Pay

| | |
|---|---|
| **How you will pay** | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below. |
| **Allow up to $** | 100 |

# Non-Individual FOIA Request

| | |
|---|---|
| **Request Information** | FBI Investigation of Civil War Gold at Dents Run, Elk County, Pennsylvania. See attached correspondence. |

# Expedite

**Expedite Reason** There has been significant national and international media coverage of the FBI's activities at Dent Run. Although scientific equipment indicated a significant quantity of gold was buried at the site, nothing was found, according to FBI agents who did not allow the treasure hunters who brought the information to the FBI to be present during the excavation.
The subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the government's integrity which affect public confidence.

----END MESSAGE----

# Law Office of William J. Cluck

587 Showers Street
Harrisburg PA 17104
717-238-3027
fax 717-238-8033
billcluck@billcluck.com

---

May 8, 2018

FBI
Record/Information Dissemination Section
ATTN: FOIPA Request
170 Marcel Drive
Winchester, VA 22602-4843

RE:   Freedom of Information Act Request/ Dents Run, Elk County, Pennsylvania

Dear FOIA Officer:

I am a citizen of the United States, and a person affiliated with a private organization seeking information for use in the organization's business. I would like to formally request the following information under the Freedom of Information Act (5 U.S.C. §552):

Date range of request: January 15, 2018 to present

(1) Copies of all public records pertaining to FBI's investigation of an alleged missing shipment of gold purportedly buried in Pennsylvania state forest land in Dents Run, Elk County, Pennsylvania;

(2) Copies of all documents relied upon in support of request to Federal Court in Pittsburgh for authorization to dig at the site in Dents Run;

(3) Copies of all communications with Enviroscan pertaining to scientific sampling and analysis of Dents Run, including the report on the Enviroscan findings;

(4) Copies of all requisitions for expenditures associated with the investigation at Dents Run;

(5) Copies of inventory of items collected from the Dents Run site; and

(6) Copies of authorization for FBI agents to commence investigation of the purported missing shipment of gold.

Should there be any search, review or reproduction fees, please supply the requested information without informing me of the cost, provided that the fees do not exceed $100.00, which I agree to pay in advance. If the costs exceed $100.00, please contact me at your earliest convenience to review the expected costs.

Thank you,

William J. Cluck
Law Office of William J. Cluck
587 Showers Street
Harrisburg, PA 17104
(717)238-3027
billcluck@billcluck.com

CC:    Finders Keepers Inc.
       Larissa Bailey (Senator Toomey's Office)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

      Plaintiff,

         v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 23, 2018

WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run,
Pennsylvania (January 15, 2018 to Present)

Dear Mr. Cluck:

This is in response to your Freedom of Information Act (FOIA) request. The FBI has completed its search for records responsive to your request. Below you will also find informational paragraphs relevant to your request. Please read each item carefully.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify any main file records responsive to your request. Therefore, your request is being administratively closed. If you have additional information pertaining to the subject of your request, please submit a new request providing us with such details, and we will conduct an additional search.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber-crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or deny clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   A search of this magnitude can result in several "hits" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI documents responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

09/21/17

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

      Plaintiff,

        v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT C

| From: | You, Esther (OIP) |
|---|---|
| To: | Jones, Priscilla A (OIP) |
| Subject: | RE: Congressional from Mr. Cluck |
| Date: | Wednesday, July 25, 2018 10:06:13 AM |
| Attachments: | Exec Sec File.pdf |
|  | Senator Toomey Letter.pdf |

Good morning Priscilla!

I hope your morning is off to a nice start.

I recently reviewed a congressional correspondence and I believe the consensus is to open an administrative appeal in response.

I have attached the background to this e-mail, can you please open a new appeal number for Mr. William Cluck and let me know the DOJ-AP number so I may inform Sean?

The FBI request number Mr. Cluck is appealing is FBI Request No. 1405494-000.
I think we can use Senator Toomey's letter to OLA as the "appeal" letter.
Please see Sean's e-mail below for the OIP received date.

If you have any further questions or concerns, please do not hesitate to let me know, thank you!

Warm Regards,
Esther


**From:** O'Neill, Sean (OIP)
**Sent:** Wednesday, July 25, 2018 10:00 AM
**To:** You, Esther (OIP) <eyou@jmd.usdoj.gov>
**Subject:** RE: Congressional from Mr. Cluck

If we know the OIP received date we can use it, otherwise use the DOJ received date.  I am not too concerned about it given that he is well within the time frame for appeal.


**From:** You, Esther (OIP)
**Sent:** Wednesday, July 25, 2018 9:59 AM
**To:** O'Neill, Sean (OIP) <soneill@jmd.usdoj.gov>
**Subject:** FW: Congressional from Mr. Cluck

Thanks Sean! What date should we use for the OIP received date?


**From:** O'Neill, Sean (OIP)
**Sent:** Wednesday, July 25, 2018 9:49 AM
**To:** You, Esther (OIP) <eyou@jmd.usdoj.gov>
**Subject:** Congressional from Mr. Cluck

Esther,

I had a chance to review this.  Why don't we go ahead and treat this as an appeal.  Clearly R is seeking further relief from the FBI's determination.  Can you have admin open an appeal file and then let me know what the appeal number is and I can modify the letter accordingly?  We can tell R to feel free to send us additional correspondence in support of his appeal if he wishes.  I put the file back in your box in the event that you need anything from there for admin to open an appeal.  Thanks!

4060240-K05

PATRICK J. TOOMEY
PENNSYLVANIA

COMMITTEES
FINANCE
BANKING, HOUSING, AND
URBAN AFFAIRS
BUDGET

# United States Senate

### WASHINGTON, DC 20510

June 8, 2018

Stephen E. Boyd
Assistant Attorney General
Office of Legislative Affairs
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Dear Mr. Boyd:

This letter is in regards to the enclosed FOIA request made by my constituent William J. Cluck, Esquire on behalf of his client, Finders Keepers, Inc.

Mr. Cluck informed my office of what he perceives to be difficulties in obtaining public records pertaining to the FBI's investigation of an alleged missing shipment of gold purportedly buried in Pennsylvania state forest land in Dents Run, Elk County, Pennsylvania.

On May 2, 2018, Mr. Cluck met with Larissa Bailey, Regional Manager of my Central Pennsylvania office, in Harrisburg to discuss this matter. He explained the *alleged* matter as follows:

- Several years ago, Mr. Dennis Parada, the owner of Finders Keepers, Inc., believes he found a shipment of Civil War gold that went missing somewhere in northern Pennsylvania in 1863. The gold is supposedly buried on land owned by the Commonwealth of Pennsylvania. Because of legality issues with the State, Mr. Parada did not attempt to excavate the gold at this time.
- In January 2018, Mr. Parada received a phone call from an investigative reporter to discuss the missing treasure. The reporter had also contacted the FBI. In turn, the FBI then reached out to Mr. Parada to set up a meeting in Philadelphia. That same month, Mr. Parada met with Mr. Jake Archer, an agent with the FBI, and Ms. K.T. Newton, an Assistant U.S. Attorney for the Eastern District of Pennsylvania, to discuss the details of the lost gold.
- Agent Archer called Mr. Parada on Janaury 26, 2018 to inform him that he would be visiting the site where Mr. Parada believed the gold was buried. Agent Archer completed the visit with Mr. Parada and used Finders Keepers' equipment to gather data during the first week of February 2018.
- The following week, Agent Archer informed Mr. Parada the FBI planned to hire Enviroscan, Inc., a company that specializes in non-destructive land surveys and investigations, to gather additional data. The FBI then revisited the site with Enviroscan representatives.
- A search warrant was obtained to enter the property and perform an excavation. Agent Archer told Mr. Parada the excavation would take place on March 13, 2018; however, thirty-five FBI

agents and a backhoe operator arrived at the site a day early (March 12, 2018), never informing Mr. Parada. Mr. Parada found out the FBI had started the search early from local neighbors. He immediately traveled to the site. Upon arrival, Mr. Parada was instructed to wait away from the excavation site where he remained for 6 hours before being permitted to visit the location. No conclusions had been made and the investigation would continue the following day.

- On March 13, 2018, Agent Archer informed Mr. Parada that water had gotten into the site and needed to be drained. Agent Archer and Mr. Parada returned later that afternoon to find those involved in the search gathered around a hole. The agents declared that nothing had been found. The FBI issued a press release on March 19, 2018 confirming this.

Mr. Cluck submitted a request under the Freedom of Information Act on May 8, 2018 to the FBI's Record/Information Dissemination Section asking for several records from the investigation. Mr. Cluck received a response on May 23, 2018, stating the FBI was unable to identify any main file records on this case at all.

I do not seek to impede any criminal or sensitive information relating to this matter; however I respectfully ask that you reply to Mr. Cluck's request as appropriate. He has requested the following items: 1) copies of all public records pertaining to FBI's investigation of an alleged missing shipment of gold purportedly buried in Pennsylvania state forest land in Dents Run, Elk County, Pennsylvania; 2) copies of all documents relied upon in support of request to Federal Court in Pittsburgh for authorization to dig at the site in Dents Run; 3) copies of all communications with Enviroscan pertaining to scientific sampling and analysis of Dents Run, including the report on the Enviroscan findings; 4) copies of all requisitions for expenditures associated with the investigation at Dents Run; 5) copies of inventory of items collected from the Dents Run site; and 6) copies of authorization for FBI agents to commence investigation of the purported missing shipment of gold.

Please direct your response to Larissa Bailey, Central Region Manager, at United States Federal Building, 228 Walnut Street, Suite 1104, Harrisburg, PA 17101 and/or via email to Larissa_Bailey@toomey.senate.gov.

We look forward to your prompt response in this matter.

Sincerely,

Pat Toomey
U.S. Senator

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

       Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT D

.

07/25/2018

William J Cluck, Esq.
Finders Keepers
587 Showers Street
Harrisburg PA 17104

billcluck@billcluck.com

Dear William J Cluck, Esq.,

This is to advise you that your administrative appeal from the action of the FBI regarding Request No. 1405494 was received by the Office of Information Policy (OIP) of the U.S. Department of Justice on 07/05/2018.

OIP has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-007144. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

**PRISCILLA JONES**

Priscilla Jones

Digitally signed by
PRISCILLA JONES
Date: 2018.07.25 11:15:21
-04'00'

Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT E



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

William Cluck, Esq.                          Re:    Appeal No. DOJ-AP-2018-007144
587 Showers Street                                  Request No. 1405494
Harrisburg, PA  17104                               MWH:EMY
billcluck@billcluck.com

**VIA:  Email**

Dear Mr. Cluck:

     You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request, made on behalf of your client, Finders Keepers, Inc. for access to records concerning the FBI investigation of Civil War Gold at Dents Run in Elk County, Pennsylvania from January 15, 2018, to the present.  I note that your appeal concerns the search conducted by the FBI.

     After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your request to the FBI for a further search for responsive records.  If the FBI locates releasable records, it will send them to you directly, subject to any applicable fees.  You may appeal any future adverse determination made by the FBI.  If you would like to inquire about the status of this remand, please contact the FBI directly.

     If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

     If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

9/10/2018

X *[signature]*

Matthew Hurd, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals ...
Signed by: MATTHEW HURD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

        Plaintiff,

            v.

UNITED STATES DEPARTMENT OF JUSTICE,

        Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 28, 2018

MR. WILLIAM JOSEPH CLUCK, ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

OIP Appeal Number: DOJ-AP-2018-007144
FOIPA Appeal No.: 1405494-000
Subject: FBI Investigation at Dents Run,
Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This acknowledges your Freedom of Information/Privacy Acts (FOIPA) remanded appeal has been received by the FBI from the Office of Information and Policy for processing.   Below you will find check boxes and informational paragraphs about your request.   Please read each one carefully.

☑ We have opened your remanded appeal and will inform you of the results in future correspondence.

☐ We have converted your NFP into a FOIPA appeal; therefore, the NFP number originally assigned to your request will now appear as the FOIPA appeal number listed above.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status**. **Enter the OIP Appeal Number (ex. 201500123) listed above, without hyphens.** Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

The FOIPA Appeal Number listed above has been assigned to your request.   Please reference the FOIPA Appeal Number and OIP Appeal Number in all future correspondence concerning your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

       Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT G



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 28, 2018

MR. WILLIAM JOSEPH CLUCK, ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request.   Under Department of Justice (DOJ) standards for expedited processing, it can only be granted in the following situations:

**28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

**28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

**28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

**28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."

You have not provided enough information concerning the statutory requirements permitting expedition; therefore, your request is denied.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT H



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 30, 2018

MR. WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request.   The FBI has completed its search for records responsive to your request.   Below you will also find informational paragraphs relevant to your request.   Please read each item carefully.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).   5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings.   Therefore, your request is being administratively closed.   For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."   The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber-crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or deny clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. A search of this magnitude can result in several "hits" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI documents responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

05/29/17

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

        Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

        Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT I

# Law Office of William J. Cluck

587 Showers Street
Harrisburg PA 17104
717-238-3027
fax 717-238-8033
billcluck@billcluck.com

January 28, 2019

By Electronic Filing

Director
Office of Information Policy
United States Department of Justice
Suite 11050
1425 New York Avenue NW
Washington DC 20530-0001

RE:    Appeal of Denial of FOIPA Request No: 1405494-000
       Request for documents related to FBI Activity at Dents Run, Elk County,
       Pennsylvania

Dear Sirs:

This is an appeal of the Federal Bureau of Investigation's ("FBI") decision to
withhold from production documents responsive to our May 8, 2018 Freedom of
Information Act ("FOIA") request number 1405494-000. This office requested access to
six categories of documents:

Date range of request: January 15, 2018 to present

(1) Copies of all public records pertaining to FBI's investigation of an
alleged missing shipment of gold purportedly buried in Pennsylvania
state forest land in Dents Run, Elk County, Pennsylvania;

(2) Copies of all documents relied upon in support of request to Federal
Court in Pittsburgh for authorization to dig at the site in Dents Run;

(3) Copies of all communications with Enviroscan pertaining to scientific
sampling and analysis of Dents Run, including the report on the
Enviroscan findings;

(4) Copies of all requisitions for expenditures associated with the
investigation at Dents Run;

(5) Copies of inventory of items collected from the Dents Run site; and

(6) Copies of authorization for FBI agents to commence investigation of the purported missing shipment of gold.

The FOIA was assigned Request No. 1405494.  A copy of the May 8, 2108 FOIA is attached as Exhibit A.  The FBI initially denied the request by letter dated May 23, 2018.  A copy of the May 23, 2018 letter is attached as Exhibit B.  We sought the assistance of U.S. Senator Patrick Toomey whose office wrote to the FBI on June 8, 2018.  We do not have a copy of Senator Toomey's letter, as his office treats such correspondence as not subject to FOIA.  The Department of Justice Office of Information Policy construed Senator Toomey's letter as an appeal of the FBI's May 23, 2018 denial letter.  That appeal was assigned docket number DOJ-AP-2018-007144.  The July 25, 2018 letter is attached as Exhibit C.  By letter dated September 10, 2018, the Office of Information Policy remanded the FOIA request to the FBI for a further search for responsive records.  A copy of the September 10, 2018 letter is attached as Exhibit D.

Following the remand, by letter dated October 30, 2018, the FBI completed its search for records responsive to our request and determined the material requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  A copy of the October 30, 2018 letter is attached as Exhibit E.  This letter herein serves as our appeal of that denial.

As the basis for its denial of the FOIA request, the FBI contends the "records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the

information in these responsive records could reasonably be expected to interfere with enforcement proceedings." *See* Exhibit E, October 30, 2018 letter at page 1.

By way of background for this appeal, this office represents a treasure hunting firm named Finders Keepers LLC. In January, 2018, our client met with agents of the FBI and the United States Attorney's office in Philadelphia regarding their belief they had located a shipment of gold allegedly stolen during the Civil War and buried at Dents Run in Elk County, Pennsylvania. Based on information provided by our client, in March 2018, FBI agents, purportedly pursuant to a federal search warrant, entered the State Forest property at Dents Run to excavate the property in search of the missing gold. The FBI claims not have located any relevant material.

Exemption 7(A) of FOIA protects from disclosure "records or information compiled for law enforcement purposes" whose release "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To qualify for the exemption, the enforcement proceedings must be currently ongoing or "reasonably anticipated." *Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1114 (D.C. Cir. 2007) (citation omitted). The D.C. Circuit has recognized that an agency can make the requisite showing under Exemption 7(A) on a categorical, as opposed to document-by-document, basis. *See, e.g., Bevis v. Dep't of State*, 801 F.2d 1386, 1389 (D.C. Cir. 1986). To do so, the agency must meet three requirements. First, it must "define its categories functionally." *Id.* The "hallmark" of a functional category is that it "allows the court to trace a rational link between the nature of the document and the alleged likely interference." *Crooker v. Bureau of Alcohol, Tobacco, & Firearms*, 789 F.2d 64, 67 (D.C. Cir. 1986). Second, the agency "must conduct a document-by document review in

3

order to assign documents to the proper category." *Bevis*, 801 F.2d at 1389. That is, the agency "must itself review each document to determine the category in which it properly belongs." *Id.* Finally, the agency "must explain to the court how the release of each category would interfere with enforcement proceedings." *Id.* at 1390. To make this showing, it is not enough that a record relates to an ongoing proceeding. *See, e.g., North v. Walsh*, 881 F.2d 1088, 1097 (D.C. Cir. 1989). Nor is it sufficient for an agency to merely state in conclusory terms that disclosure would interfere with a proceeding; rather the agency must specifically articulate how disclosure would do so. *Sussman*, 494 F.3d at 1114.

Under this exemption, an agency must demonstrate that the records "relate to any ongoing investigation or . . . would jeopardize any future law enforcement proceedings." *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 235 (1978). The government must make a greater showing of interference than a conclusory statement that "the withheld information was clearly related to (an ongoing investigation)." *Campbell v. Dep't of Health & Human Servs.*, 682 F.2d 256, 259 (D.C. Cir. 1982) (quoting *Campbell v. Dep't of Health & Human Servs.*, 518 F. Supp. 1114, 1115 (D.D.C. 1981) (internal quotation marks omitted)).

In this matter, the gold at issue was purportedly stolen over 100 years ago. It is difficult to believe there is an ongoing investigation of the circumstances related to that crime. The United States Attorney sought a court order sealing the record when the search warrant was issued in March 2018 and has relied upon that Court Order in proceedings under Pennsylvania's Right to Know law to direct the State agency that owns the State Forest property at Dents Run to withhold documents. However, the Court Order

4

purporting to seal the records has not been produced. In fact, the caption of the case has never been identified to enable our client to petition that Court to unseal the record.

There is no indication that the "pending or prospective law enforcement proceeding" is "currently ongoing or 'reasonably anticipated.'" It has been more than 10 months since the FBI excavated the property at Dents Run. Moreover, it is not "sufficient for an agency to merely state in conclusory terms that disclosure would interfere with a proceeding; rather the agency must specifically articulate how disclosure would do so."

The FBI has failed to articulate how each of the six categories of requested documents interferes with the purported pending or prospective law enforcement proceeding. We request reversal of the FBI denial and production of relevant documents subject to the FOIA request.

Respectfully submitted,

William J. Cluck

CC:   Finders Keepers LLC

5

# Exhibit A

# Law Office of William J. Cluck

587 Showers Street
Harrisburg PA 17104
717-238-3027
fax 717-238-8033
billcluck@billcluck.com

May 8, 2018

FBI
Record/Information Dissemination Section
ATTN: FOIPA Request
170 Marcel Drive
Winchester, VA 22602-4843

      RE:    Freedom of Information Act Request/ Dents Run, Elk County, Pennsylvania

Dear FOIA Officer:

I am a citizen of the United States, and a person affiliated with a private organization seeking information for use in the organization's business. I would like to formally request the following information under the Freedom of Information Act (5 U.S.C. §552):

Date range of request: January 15, 2018 to present

(1) Copies of all public records pertaining to FBI's investigation of an alleged missing shipment of gold purportedly buried in Pennsylvania state forest land in Dents Run, Elk County, Pennsylvania;

(2) Copies of all documents relied upon in support of request to Federal Court in Pittsburgh for authorization to dig at the site in Dents Run;

(3) Copies of all communications with Enviroscan pertaining to scientific sampling and analysis of Dents Run, including the report on the Enviroscan findings;

(4) Copies of all requisitions for expenditures associated with the investigation at Dents Run;

(5) Copies of inventory of items collected from the Dents Run site; and

(6) Copies of authorization for FBI agents to commence investigation of the purported missing shipment of gold.

Should there be any search, review or reproduction fees, please supply the requested information without informing me of the cost, provided that the fees do not exceed $100.00, which I agree to pay in advance. If the costs exceed $100.00, please contact me at your earliest convenience to review the expected costs.

Thank you,

William J. Cluck
Law Office of William J. Cluck
587 Showers Street
Harrisburg, PA 17104
(717)238-3027
billcluck@billcluck.com

CC:     Finders Keepers Inc.
        Larissa Bailey (Senator Toomey's Office)

# Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 23, 2018

WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run,
Pennsylvania (January 15, 2018 to Present)

Dear Mr. Cluck:

This is in response to your Freedom of Information Act (FOIA) request. The FBI has completed its search for records responsive to your request. Below you will also find informational paragraphs relevant to your request. Please read each item carefully.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify any main file records responsive to your request. Therefore, your request is being administratively closed. If you have additional information pertaining to the subject of your request, please submit a new request providing us with such details, and we will conduct an additional search.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

# Exhibit C

07/25/2018

William J Cluck, Esq.
Finders Keepers
587 Showers Street
Harrisburg PA 17104

billcluck@billcluck.com

Dear William J Cluck, Esq.,

This is to advise you that your administrative appeal from the action of the FBI regarding Request No. 1405494 was received by the Office of Information Policy (OIP) of the U.S. Department of Justice on 07/05/2018.

OIP has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-007144. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

PRISCILLA
JONES

Priscilla Jones

Digitally signed by
PRISCILLA JONES
Date: 2018.07.25 11:15:21
-04'00'

Supervisory Administrative Specialist

# Exhibit D



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

William Cluck, Esq.
587 Showers Street
Harrisburg, PA  17104
billcluck@billcluck.com

Re:    Appeal No. DOJ-AP-2018-007144
       Request No. 1405494
       MWH:EMY

**VIA:  Email**

Dear Mr. Cluck:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request, made on behalf of your client, Finders Keepers, Inc. for access to records concerning the FBI investigation of Civil War Gold at Dents Run in Elk County, Pennsylvania from January 15, 2018, to the present.  I note that your appeal concerns the search conducted by the FBI.

After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your request to the FBI for a further search for responsive records.  If the FBI locates releasable records, it will send them to you directly, subject to any applicable fees.  You may appeal any future adverse determination made by the FBI.  If you would like to inquire about the status of this remand, please contact the FBI directly.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

9/10/2018

X ~~Matthew Hurd~~

Matthew Hurd, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals ...
Signed by: MATTHEW HURD

# Exhibit E



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 30, 2018

MR. WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. The FBI has completed its search for records responsive to your request. Below you will also find informational paragraphs relevant to your request. Please read each item carefully.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed. For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA). See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Information Management Division

Enclosure(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

       Plaintiff,

            v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT J



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

William J. Cluck, Esq.
Law Office of William J. Cluck
587 Showers Street
Harrisburg, PA  17104
billcluck@billcluck.com

Re:    Appeal No. DOJ-AP-2019-001797
       Request No. 1405494
       MWH:JNW

**VIA:  FOIAOnline**

Dear William Cluck:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to records concerning the FBI investigation of Civil War Gold at Dents Run, Elk County, PA.  I note that your appeal concerns the FBI's withholding of responsive records in their entirety.  Please note that this Office was closed due to a lapse in funding appropriations between December 22, 2018 and January 25, 2019, which resulted in a delay in responding to your appeal.

After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your request to the FBI for further processing of the responsive records.  If the FBI determines that records are releasable, it will send them to you directly, subject to any applicable fees.  You may appeal any future adverse determination made by the FBI.  If you would like to inquire about the status of this remanded request or to receive an estimated date of completion, please contact the FBI directly at (540) 868-1535.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

7/2/2019

X ~M.H.~M

Matthew Hurd, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals ...
Signed by: MATTHEW HURD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT K



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 25, 2019

MR. WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

OIP Appeal Number: DOJ-AP-2019-001797
FOIPA Appeal No.: 1405494-000
Subject: FBI Investigation at Dents Run,
Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This acknowledges your Freedom of Information/Privacy Acts (FOIPA) remanded appeal has been received by the FBI from the Office of Information and Policy for processing.   Below you will find check boxes and informational paragraphs about your request.   Please read each one carefully.

☑       We have opened your remanded appeal and will inform you of the results in future correspondence.

☐       We have converted your NFP into a FOIPA appeal; therefore, the NFP number originally assigned to your request will now appear as the FOIPA appeal number listed above.

☐       Your request for a fee waiver is being considered and you will be advised of the decision if fees are applicable.

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status**. **Enter the OIP Appeal Number (ex. 201500123) listed above, without hyphens.**   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

The FOIPA Appeal Number listed above has been assigned to your request.   Please reference the FOIPA Appeal Number and OIP Appeal Number in all future correspondence concerning your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT L



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 6, 2019

MR. WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This is in reference to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the selected paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

By letter dated May 9, 2018, you indicated your willingness to pay $100.00 in FOIA processing fees. The Federal Bureau of Investigation (FBI) has located approximately 2,378 pages of records potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. Below you will find check boxes and informational paragraphs about your request. Please read each one carefully.

Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑ If all potentially responsive pages are released on CD, you will owe $70.00 in duplication fees (5 CDs at $15.00 each, less $5.00 credit for the first CD). Releases are made on CD unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $113.90 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐ You submitted your request via the FBI's eFOIPA system. Releases will be made to you electronically, and you will owe $_____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

☑ The FBI located video files that are potentially responsive to the subject of your request. If all of the potentially-responsive media is released, you will owe $255.00 (17 CDs at $15.00 each).

☐ You will owe approximately $___ in international shipping fees.

**The estimated total cost for processing your request is approximately $325.00 for CD releases or $368.90 for paper releases (including the responsive media).**

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemptions. Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

**Requester Response**

**No payment is required at this time. You must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) unless your request qualifies for eFOIPA releases.   You must also indicate your preference regarding the estimated duplication fees from the following four (4) options:**

☐  I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐  I am willing to pay fees of a different amount.

**Please specify amount:** _____

☐  Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay International shipping fees.

☐  Cancel my request.

**Include the FOIPA Request Number listed above in any communication regarding this matter.**

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records on individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record/Information Dissemination Section; Information Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602.**   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.


Sincerely,


David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Information Management Division

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes additional standard responses that apply to all requests for records on individuals.   Part 3 includes general information about FBI records.   For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us."   Previously mentioned appeal and dispute resolution services are also available at the web address.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)].   FBI responses are limited to those records subject to the requirements of the FOIA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **National Security/Intelligence Records.**   The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found.   A reasonable search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide and includes Electronic Surveillance (ELSUR) records.   For additional information about our record searches visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)     **The National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

      Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT M

ATTN: WORK PROCESS UNIT 4 pgs

## Law Office of William J. Cluck

587 Showers Street
Harrisburg PA 17104
717-238-3027
fax 717-238-8033
billcluck@billcluck.com

August 8, 2019

Via Fax 540-868-4997

FBI
Work Process Unit
Record/Information Dissemination Section
Information Management Division
170 Marcel Drive
Winchester, VA 22602-4843

     RE:    FOIPA Request No. 1405494-000

Dear Sirs:

    I am in receipt of your August 6, 2019 correspondence wherein you indicated the FBI located approximately 2,378 pages of records potentially responsive to my May 9, 2018 request. The FBI also located video files that are also potentially responsive.

    I have attached our response by checking the box for our willingness to pay estimated duplication fees up to the amount specified in your letter, namely $70.00 for pages on CD and $255.00 for video files on 17 CDs.

    Please let me know when these materials will be produced and how to make the requisite payment.

                Sincerely,

                William J. Cluck

CC:    Finders Keepers Inc.



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 6, 2019

MR. WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This is in reference to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the selected paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

By letter dated May 9, 2018, you indicated your willingness to pay $100.00 in FOIA processing fees. The Federal Bureau of Investigation (FBI) has located approximately 2,378 pages of records potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. Below you will find check boxes and informational paragraphs about your request. Please read each one carefully.

Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on Compact Disc (CD), you will receive the cost equivalent ($5.00) as a credit.

☑ If all potentially responsive pages are released on CD, you will owe $70.00 in duplication fees (5 CDs at $15.00 each, less $5.00 credit for the first CD). Releases are made on CD unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing complex cases in segments.

Should you request that the release be made in paper, you will owe $113.90 based on a duplication fee of five cents per page. See 28 CFR §16.10 and 16.49.

☐ You submitted your request via the FBI's eFOIPA system. Releases will be made to you electronically, and you will owe $_____ in duplication fees (____ releases at $15.00 each, less $5.00 credit for the first release).

☑ The FBI located video files that are potentially responsive to the subject of your request. If all of the potentially-responsive media is released, you will owe $255.00 (17 CDs at $15.00 each).

☐ You will owe approximately $___ in international shipping fees.

The estimated total cost for processing your request is approximately $325.00 for CD releases or $368.90 for paper releases (including the responsive media).

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemptions. Also, some information may not be responsive to your subject. Thus, the actual charges could be less.

**Requester Response**

No payment is required at this time. You must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) unless your request qualifies for eFOIPA releases.   You must also indicate your preference regarding the estimated duplication fees from the following four (4) options:

[X]    I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

[ ]    I am willing to pay fees of a different amount.

     Please specify amount: _____

[ ]    Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay international shipping fees.

[ ]    Cancel my request.

Include the FOIPA Request Number listed above in any communication regarding this matter.

     You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

     Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   "Part 1" of the Addendum includes standard responses that apply to all requests.   "Part 2" includes additional standard responses that apply to all requests for records on individuals.   "Part 3" includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

     Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record/Information Dissemination Section; Information Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602.**   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

     For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

     You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:   https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT N

## FOIPAQUESTIONS

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Friday, August 30, 2019 10:01 AM |
| **To:** | billcluck@billcluck.com |
| **Subject:** | 1405494-000 |

Dear Mr. Cluck,

The FBI's FOIPA Program is in receipt of your cost response and your request remains in process.

Respectfully,


Public Information Officer
Record/Information Dissemination Section (RIDS) FBI-Information Management Division
170 Marcel Drive, Winchester, VA 22602-4843
Direct: (540) 868-4593
Fax: (540) 868-4391
Questions E-mail: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps   Status updates are performed on a weekly basis.

Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT O

## FBI.FOIPA.NEGOTIATION

| | |
|---|---|
| **From:** | FBI.FOIPA.NEGOTIATION |
| **Sent:** | Monday, September 23, 2019 8:23 AM |
| **To:** | 'Bill Cluck' |
| **Subject:** | RE: FW: FW: FOIPA # 1405494-000 |

Good Morning Mr. Cluck,

Thank you for your email confirmation concerning the scope reduction of this request.  We will move forward with processing without reducing the scope of this request.

Any future status inquires please go to foipaquestions@fbi.gov


Sincerely,


Negotiation Team
FBI Information Management Division
Fbi.foipa.negotiation@fbi.gov
540-868-4894



**From:** Bill Cluck [mailto:billcluck@billcluck.com]
**Sent:** Friday, September 20, 2019 2:38 PM
**To:** FBI.FOIPA.NEGOTIATION <FBI.FOIPA.NEGOTIATION@FBI.GOV>
**Subject:** Re: FW: FW: FOIPA # 1405494-000

I asked if I could review the response or get an index in order to determine how to cut the scope.  I am not inclined to modify the request after two years of trying to obtain these documents.

> On September 20, 2019 at 2:29 PM "FBI.FOIPA.NEGOTIATION"
> <FBI.FOIPA.NEGOTIATION@FBI.GOV> wrote:
>
> Good Afternoon Mr. Cluck,
>
>
> We're following up with the email sent out on September 13,  2019  to you with regards to your
> FOIA request 1405494-000.  The email below dated September 13, 2019  goes into more detail
> for our contact with you.  Please let us know if you are interested in one of options in the
> September 13, 2019 email for narrowing the scope of this request.

1

We can be reached via email at fbi.foipa.negotiation@fbi.gov.  We appreciate your patience and hope to hear from you soon.

Sincerely,

Negotiation Team

FBI Information Management Division

Fbi.foipa.negotiation@fbi.gov

540-868-4894

**From:** FBI.FOIPA.NEGOTIATION
**Sent:** Friday, September 13, 2019 12:26 PM
**To:** 'Bill Cluck' <billcluck@billcluck.com>
**Subject:** RE: FW: FOIPA # 1405494-000

Good Afternoon Mr. Cluck,

Thank you for your email response concerning the possible scope reduction of this request. At this time I am unable to view the video media associated with this case. I can advise if the video media contains anything concerning 3rd party then it will not be available for release. There is potential responsive material located in this case within a main file and sub files. The main file is the investigative part and the sub files are supportive documents for the main file.

2

We recommend the following options--

Option 1: To reduce the scope of this request by limiting to the main file which contains approximately 1,058 potential responsive pages.  This request would remain in the large track with approximately 47 months to complete.

Option 2: To reduce the scope of this request by limiting to approximately the first 950 potential responsive pages.  This request would move to the medium track with approximately 21 months to complete.

Please let us know if you are interested one of the recommended options listed above.

We appreciate your patience and hope to hear from you soon.

Sincerely,

Negotiation Team

FBI Information Management Division

Fbi.foipa.negotiation@fbi.gov

540-868-4894

**From:** Bill Cluck [mailto:billcluck@billcluck.com]
**Sent:** Thursday, September 12, 2019 3:20 PM

3

**To:** FBI.FOIPA.NEGOTIATION <FBI.FOIPA.NEGOTIATION@FBI.GOV>
**Subject:** Re: FW: FOIPA # 1405494-000

My FOIA request was initially submitted in May 2018. I don't know how I could reduce the scope without knowing what is in the documents and videos. Is there some type of index or may I review the documents before deciding?

On September 12, 2019 at 8:43 AM "FBI.FOIPA.NEGOTIATION" <
FBI.FOIPA.NEGOTIATION@FBI.GOV> wrote:

Good Morning Mr. Cluck,

We're following up with the email sent out last week to you with regards to your FOIA request 1405494-000. The original email goes into more detail for our contact with you. Please let us know if you are interested in narrowing the scope of this request please.

Simple track request (0- 50 pages) current average time is approximately 4 months to complete.

Medium track request (51-950 pages) current average time is approximately 21 months to complete.

Large track request (951-8000 pages) current average time is approximately 47 months to complete.

X-Large track request (over 8000 pages) current average time is approximately 53 months to complete.

We can be reached via email at fbi.foipa.negotiation@fbi.gov. We appreciate your patience and hope to hear from you soon.

4

Sincerely,


Negotiation Team

FBI Information Management Division

Fbi.foipa.negotiation@fbi.gov

540-868-4894



-----Original Message-----

From: FBI.FOIPA.NEGOTIATION

Sent: Friday, September 06, 2019 8:22 AM

To: 'billcluck@billcluck.com' < billcluck@billcluck.com>

Subject: FOIPA # 1405494-000


Good Morning Mr. Cluck,


We're contacting you about the FOIA request you made for records concerning
the FBI Investigation at Dents Run, Pennsylvania. The FBI located approximately
2,378 pages and video media files potentially responsive to your request.
Requests are processed in the order in which they are received through our multi-
track processing system, and the FBI receives a voluminous amount of requests
on a daily, weekly, monthly, and annual basis. Requests are divided into two
primary tracks--simple (under 50 pages of potentially responsive documents) and
complex (over 50 pages of potentially responsive documents). Complex requests
are further divided into medium (51-950 pages), large (951-8000 pages), and
extra-large (over 8000 pages) sub-tracks based upon request size.


Simple track requests typically require the least amount of time to process. The
more potentially responsive pages a request has, the more complex it becomes,

greatly increasing the time required for processing. Generally, the larger the file, the longer it takes to process. A review of your request determined that it is currently in the large complex request large processing track. Given our current workload and staffing levels, it may yet be a long time before you begin to receive material from this request.

Reducing the scope of your request may accelerate the processing and allow for a more timely receipt of the information you seek, as it could potentially place your request into a smaller, faster processing track. Would you be willing to consider reducing the scope of your request? If so, we would be happy to help you to decide the best approach to take. If you are looking for something specific, we could approach the scope reduction process in that way. The current average time to complete a large track request is approximately 47 months.

Below is a list of all tracks and the average time approximately to complete each. Hopefully this breakdown will be helpful to you in reducing the scope of this request.

Simple track request (0- 50 pages) current average time is approximately 4 months to complete Medium track request (51-950 pages) current average time is approximately 21 months to complete Large track request (951-8000 pages) current average time is approximately 47 months to complete X-Large track request (over 8000 pages) current average time is approximately 53 months to complete

Please let us know if you would like to potentially reduce the scope of your request. If you reduce the size, you can request the additional records with a new FOIA request upon completion of this one.

We can be reached via email at fbi.foipa.negotiation@fbi.gov, or you may call 540-868-4894. We appreciate your patience and hope to hear from you soon.

Sincerely,

Negotiation Team

FBI Information Management Division

Fbi.foipa.negotiation@fbi.gov

540-868-4894

Law Office of William J. Cluck
587 Showers Street
Harrisburg PA 17104

phone: 717-238-3027
fax: 717-238-8033
web site: www.billcluck.com

Law Office of William J. Cluck
587 Showers Street
Harrisburg PA 17104

phone: 717-238-3027
fax: 717-238-8033
web site: www.billcluck.com

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

       Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT P

## FOIPAQUESTIONS

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Wednesday, December 9, 2020 9:45 AM |
| **To:** | billcluck@billcluck.com |
| **Subject:** | 1405494-000: FOIA to FBI |

Good morning,

This email is being sent in response to the voicemail you left with our office. Thank you for your inquiry regarding the status of your Freedom of Information Act/Privacy (FOIPA) request. A review of your request has determined the following: The request is presently awaiting assignment to a Disclosure analyst who will then review the records to determine if any redactions are required pursuant to subsections of Title 5, U. S. Code, Section 552 and 552a.

You may check the status of your request online at http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request' link. Online status reports are updated weekly.

Requests are processed in the order in which they are received through our multi-track processing system. Requests are divided into two primary tracks--simple (under 50 pages of potentially responsive documents) and complex (over 50 pages of potentially responsive documents). Complex requests are further divided into medium, large, and extra-large sub-tracks based upon request size. Simple track requests typically require the least amount of time to process. Currently, simple track cases average approximately 106 days from the date of receipt for processing. Our complex requests in the medium processing track are currently averaging 785 days, large processing track are currently averaging approximately 1,695 days, and extra-large processing track are currently averaging 2,088 days for processing.

Your request is currently in the complex request extra-large processing track, and the estimated date of completion for your request is March 2024. If your request is considered a complex track, considering reducing the scope of your request may accelerate the process as it could potentially place your request in a quicker processing track. This may also reduce any search and duplication costs, if applicable, and allow for a more timely receipt of your information. If you wish to discuss reducing the scope of your request, please indicate so and a representative will be in contact.

Respectfully,


Public Information Officer
FBI - Information Management Division
170 Marcel Drive
Winchester, VA  22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps   Status updates are performed on a weekly basis.

Note: This is a non-emergency email address. If this is an emergency, please call 911 directly. If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

       Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT Q

## FOIPAQUESTIONS

| | |
|---|---|
| **From:** | billcluck@billcluck.com |
| **Sent:** | Tuesday, March 9, 2021 12:11 PM |
| **To:** | FOIPAQUESTIONS |
| **Subject:** | [EXTERNAL EMAIL] - Re: 1405494-000: FOIA to FBI |

I want to send a request for expedited processing of my two year old FOIA request. What is the email address for the Director of Public Affairs at the Office of Public Affairs?

Thanks.

> On December 9, 2020 9:45 AM FOIPAQUESTIONS <foipaquestions@fbi.gov> wrote:
>
> Good morning,
>
> This email is being sent in response to the voicemail you left with our office. Thank you for your inquiry regarding the status of your Freedom of Information Act/Privacy (FOIPA) request.   A review of your request has determined the following: The request is presently awaiting assignment to a Disclosure analyst who will then review the records to determine if any redactions are required pursuant to subsections of Title 5, U. S. Code, Section 552 and 552a.
>
> You may check the status of your request online at http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request' link. Online status reports are updated weekly.
>
> Requests are processed in the order in which they are received through our multi-track processing system. Requests are divided into two primary tracks--simple (under 50 pages of potentially responsive documents) and complex (over 50 pages of potentially responsive documents). Complex requests are further divided into medium, large, and extra-large sub-tracks based upon request size. Simple track requests typically require the least amount of time to process. Currently, simple track cases average approximately 106 days from the date of receipt for processing. Our complex requests in the medium processing track are currently averaging 785 days, large processing track are currently averaging approximately 1,695 days, and extra-large processing track are currently averaging 2,088 days for processing.
>
> Your request is currently in the complex request extra-large processing track, and the estimated date of completion for your request is March 2024. If your request is considered a complex track, considering reducing the scope of your request may accelerate the process as it could potentially place your request in a quicker processing track. This may also reduce any search and duplication costs, if applicable, and allow for a more timely receipt of your information. If you wish to discuss reducing the scope of your request, please indicate so and a representative will be in contact.
>
> Respectfully,
>
>
> Public Information Officer
> FBI - Information Management Division
> 170 Marcel Drive
> Winchester, VA  22602
> O: (540) 868-4593

1

E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps   Status updates are performed on a weekly basis.

Note: This is a non-emergency email address. If this is an emergency, please call 911 directly. If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

```
Law Office of William J. Cluck
587 Showers Street
Harrisburg PA 17104

phone: 717-238-3027
fax: 717-238-8033
web site: www.billcluck.com
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT R

## FOIPAQUESTIONS

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Wednesday, April 7, 2021 1:51 PM |
| **To:** | 'Bill Cluck' |
| **Subject:** | RE: [EXTERNAL EMAIL] - Request for Expedited Processing |

Good afternoon,

Thank you for contacting foipaquestions@fbi.gov. The correspondence is forthcoming.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA 22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps   Status updates are performed on a weekly basis.

Note: This is a non-emergency email address. If this is an emergency, please call 911 directly. If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

**From:** Bill Cluck <billcluck@billcluck.com>
**Sent:** Thursday, April 1, 2021 12:23 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Subject:** RE: [EXTERNAL EMAIL] - Request for Expedited Processing

It has been more than 10 business days since I submitted my request for expedited treatment. When may I expect a response?

> On March 12, 2021 9:54 AM FOIPAQUESTIONS <foipaquestions@fbi.gov> wrote:
>
>
> The FBI has received your additional correspondence regarding your Freedom of Information/Privacy Act (FOIPA) request and it has been forwarded to the assigned analyst for review and determination.
>
>
> Respectfully,

1

Public Information Officer

FBI - Information Management Division

170 Marcel Drive

Winchester, VA  22602

O: (540) 868-4593

E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at
http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-
1/@@search-fdps   Status updates are performed on a weekly basis.

Note:  This is a non-emergency email address.  If this is an emergency, please call 911
directly.  If you need to report a tip for immediate action, please contact FBI Tips at
http://tips.fbi.gov/ or reach out to your local field office.

**From:** Bill Cluck <billcluck@billcluck.com>
**Sent:** Wednesday, March 10, 2021 10:14 AM
**To:** FOIPAQUESTION5 <FOIPAQUESTIONS@FBI.GOV>
**Subject:** [EXTERNAL EMAIL] - Request for Expedited Processing

I have attached a letter to the Director of Public Affairs at the Office of Public Affairs
requesting expedited processing of FOIA Request No. 1405494-000.  Please forward to
the appropriate e-mail address or reply with the correct address.  Thank you.

```
Law Office of William J. Cluck
587 Showers Street
Harrisburg PA 17104

phone: 717-238-3027
fax: 717-238-8033
web site: www.billcluck.com
```

```
Law Office of William J. Cluck
587 Showers Street
Harrisburg PA 17104
```

2

```
phone: 717-238-3027
fax: 717-238-8033
web site: www.billcluck.com
```

# Law Office of William J. Cluck

587 Showers Street
Harrisburg PA 17104
717-238-3027
fax 717-238-8033
billcluck@billcluck.com

March 10, 2021

Director of Public Affairs
Office of Public Affairs
Department of Justice
950 Pennsylvania Avenue NW.
Washington, DC 20530-0001

RE: FOIA Request No. 1405494-000

Dear Sir:

I am requesting expedited processing of the above-referenced Freedom of Information Act request. This request now involves a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence, pursuant to 28 C.F.R. § 16.5(e) (1)(iv). The history is chronicled below of this almost three-year effort to obtain public documents related to the FBI's excavation for gold at Dents Run, Elk County, Pennsylvania:

On behalf of my client, Finders Keepers USA LLC, I submitted the Freedom of Information Act ("FOIA") request to the FBI on May 8, 2018.

The FBI responded on May 23, 2018 indicating there were no records responsive to my request!

Thereafter, I sought the assistance of U.S. Senator Pat Toomey of Pennsylvania. Senator Toomey's office sent a letter on my behalf dated June 8, 2018, to the Department of Justice.

By letter dated July 25, 2018, the Office of Information Policy (OIP) of the Justice Department informed me that OIP received the administrative appeal on July 5, 2018.

By letter dated August 1, 2018, OIP informed Senator Toomey's office that they construed my congressional correspondence as an appeal of the FBI's denial of my FOIA request claiming there were no responsive records. The Justice Department

1

sustained the appeal and by letter dated September 10, 2018, remanded the FOIA request to the FBI for a further search for responsive records.

On September 28, 2018, the FBI acknowledged the remanded FOIA appeal was received, but in a separate letter of the same date, denied expedited processing of the request.

On October 30, 2018, the FBI denied the FOIA request on the basis that the material requested is located in an investigative file which is exempt from disclosure.

On January 28, 2019, I filed an appeal of the October 30 denial.

By letter dated July 2, 2019, OIP granted the appeal and remanded the FOIA request to the FBI for further processing of the responsive records. OIP claimed the delay in response was due to the backlog caused by the government shutdown between December 2018 and January 2019.

By letter dated July 25, 2019, the FBI acknowledged receiving the remanded appeal from OIP.

**By letter dated August 6, 2019, the FBI notified me that they have located approximately 2,378 pages of records potentially responsive to the FOIA request and 17 CDs of video files of potentially responsive media.** The FBI requested approximately $325 for CD releases or $368.90 for paper releases. By letter dated August 8, 2019, I confirmed willingness to pay the requested fees. The FBI, by e-mail dated August 30, 2019, acknowledged receipt of the cost response.

By e-mail dated September 6, 2019, FBI requested I reduce the scope of the request or else the average time to respond to "large track requests" is approximately 47 months.

By e-mail dated September 13, 2019, FBI acknowledged "[t]here is potential responsive material located in this case within a main file and sub files. The main file is the investigative part and the sub files are supportive documents for the main file."

By e-mail dated September 20, 2019, I denied the request to limit the scope of the request. FBI on September 23, 2019 responded "[t]hank you for your email confirmation concerning the scope reduction of this request. We will move forward with processing without reducing the scope of this request."

I e-mailed the FBI for a status report. On December 9, 2020, FBI responded as follows:

2

Thank you for your inquiry regarding the status of your Freedom of
Information Act/Privacy (FOIPA) request.   A review of your request has
determined the following:  The request is presently awaiting assignment to a
Disclosure analyst who will then review the records to determine if any
redactions are required pursuant to subsections of Title 5, U. S. Code, Section
552 and 552a.

Your request is currently in the complex request extra-large processing track,
and the estimated date of completion for your request is March 2024.

On March 8, 2021, I received the same response from the FBI, no one has been
assigned to review the records!

There has been widespread and exceptional media interest in this matter.  There
have been numerous news articles about the FBI's excavation three years ago at
Dents Run in Elk County, Pennsylvania.  Here is a sampling of the news coverage:

https://www.pennlive.com/news/2021/01/did-the-fbi-find-400m-in-civil-war-gold-
in-a-pa-forest-harrisburg-lawyer-says-he-has-new-clue-in-the-case.html  Shared
1965 times as of March 8.

https://www.foxnews.com/us/civil-war-gold-treasure-hunters-lawyer-say-fbi-
acting-suspicious-in-wake-of-dig-at-pennsylvania-site  1500 comments

https://www.pennlive.com/news/2019/10/did-the-fbi-find-a-fabled-cache-of-lost-
civil-war-gold-pa-court-order-might-help-treasure-hunters-find-out.html

In fact, the most recent coverage was Monday, March 8, 2021.
https://www.washingtonpost.com/business/technology/emails-fbi-was-looking-for-
gold-at-pennsylvania-dig-site/2021/03/08/96ae39f4-8056-11eb-be22-
32d331d87530_story.html

In that national Associated Press article, the FBI confirmed the matter is closed.
As a result, there is no reason to withhold any of the 2378 pages (which may be
larger since August 6, 2019).  The news coverage and our investigation revealed
significant questions about the FBI's integrity.  For example, the FBI refused to
allow my clients to observe the excavation after they said they could observe.
Scientific analysis of the targeted area indicated a large mass that could be up to
nine tons of gold.  The FBI now claims nothing was recovered from the site, even
though neighbors heard loud excavation throughout the overnight of Tuesday
March 13, 2018 into Wednesday March 14, 2018.

The FBI refuses to communicate with my clients and has not spoken with the
company they contracted with to determine why the scientific analysis was possibly
in error.

3

These significant questions affect public confidence in the FBI. Significant tax dollars were spent on this venture. The public has a right to know how those tax dollars were spent. Expedited processing of the now over two-year old FOIA request is necessary in order to determine what happened at Dents Run in March 2018.

Thank you for your consideration of this request. As applicable Department regulations provide, I will anticipate your determination within ten (10) calendar days. Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

Sincerely,

William J. Cluck

CC:   Finders Keepers USA

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

      Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT S



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 5, 2021

MR. WILLIAM JOSEPH CLUCK ESQUIRE
FINDERS KEEPERS
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request.   Under Department of Justice (DOJ) standards, expedited processing can only be granted in the following situations.

You have requested expedited processing according to:

☐   **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☐   **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐   **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☑   **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements for expedition; therefore, your request is denied.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."
The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT T



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 18, 2022

WILLIAM CLUCK, ESQUIRE
FINDERS KEEPERS USA LLC
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Civil Action No.: 22-cv-9
Subject: FBI Investigation at Dents Run, Pennsylvania
(Januar 15, 2018 to Present)

Dear Mr. Cluck:

The FBI has completed its review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

1035 pages were reviewed and 1035 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

*[signature]*

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

This is the first interim release of information responsive to our FOIPA request. This material is provided to you at no charge.

This set of records spans from pages FBI(22-cv-9)1 – FBI(22-cv-9)1035.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found.   The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

      a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

      b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

       Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT U



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 17, 2022

WILLIAM CLUCK, ESQUIRE
FINDERS KEEPERS USA LLC
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Civil Action No.: 22-cv-9
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

The FBI has completed its review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) |  | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) |  | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) |  | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |
| ☑ (b)(6) |  |  | ☐ (k)(7) |

1002 pages were reviewed and 866 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☑ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☑ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

This is the second interim release of information responsive to our FOIPA request. This material is provided to you at no charge. Duplicate copies of the same document were not processed.

This set of records spans from pages FBI(22-cv-9)1036 – FBI(22-cv-9)2037.

As previously indicated, document(s) were located which originated with, or contained information concerning another agency (ies). We are consulting with the other agency (ies) and are awaiting their response. Our office has processed all other information currently in our possession. The FBI will correspond with you regarding those documents when the consultation is completed.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
b.   *Reference Entity Records-* created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

       Plaintiff,

           v.

UNITED STATES DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT V



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 15, 2022

WILLIAM CLUCK, ESQUIRE
FINDERS KEEPERS USA LLC
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Civil Action No.: 22-cv-9
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

The FBI has completed its review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |  |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) |  |
| ☐ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) |  |
|  | ☐ (b)(7)(D) |  | ☐ (k)(2) |  |
|  | ☑ (b)(7)(E) |  | ☐ (k)(3) |  |
|  | ☐ (b)(7)(F) |  | ☐ (k)(4) |  |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |  |
| ☑ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |  |
| ☑ (b)(6) |  |  | ☐ (k)(7) |  |

379 pages were reviewed and 67 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑  See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosure(s)

This is the third interim release of information responsive to our FOIPA request. This material is provided to you at no charge. Duplicate copies of the same document were not processed.

This set of records spans from pages FBI(22-cv-9)1464 – FBI(22-cv-9)1508; FBI(22-cv-9)2038 – FBI(22-cv-9)2371.

RIDS previously notified you that it was consulting with another agency (U.S. Treasury).   Upon further review RIDS withdrew this consultation request and processed these 45-pages for segregable release and are included in the enclosed release.

The enclosed compact disc (CD) or digital video disc (DVD) containing videos and photographs has been reviewed under the FOIPA, Title 5, United States Code, Sections 552/552a.   Deletions have been made to protect information which is exempt from disclosure pursuant to (b)(6), (b)(7)(C) and (b)(7)(E).   The exemptions used are explained on the enclosed Explanation of Exemptions.   The circular or elliptical black shapes on certain pictures represent deleted images and long pauses on the audio track represent deleted portions of the narrative and/or conversation.

## FBI FOIPA Addendum

**As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.**

**Part 1: The standard responses below apply to all requests:**

    (i)    **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

    (ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

    (i)    **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

    (ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

    (iii)    **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

    (i)    **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

        a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
        b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

    (ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

    (iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

　　　　Plaintiff,

　　　　　　　v.

UNITED STATES DEPARTMENT OF JUSTICE,

　　　　Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT W



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 15, 2022

WILLIAM CLUCK, ESQUIRE
FINDERS KEEPERS USA LLC
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Civil Action No.: 22-cv-9
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This letter is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

The enclosed compact disc (CD) or digital video disc (DVD) containing videos was reviewed under the FOIPA, Title 5, United States Code, Sections 552/552a. Deletions have been made to protect information which is exempt from disclosure pursuant to 552 (b)(6) and (b)(7)(C). The exemptions used are explained on the enclosed Explanation of Exemptions. The circular or elliptical black shapes on certain pictures represent deleted images.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑  See additional information which follows.

Sincerely,

*Michael G. Seidel*

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division


Enclosure(s)

This is the fourth interim release of information responsive to your FOIPA request. This material is provided to you at no charge.

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)      material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT X



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 15, 2022

WILLIAM CLUCK, ESQUIRE
FINDERS KEEPERS USA LLC
587 SHOWERS STREET
HARRISBURG, PA 17104

FOIPA Request No.: 1405494-000
Civil Action No.: 22-cv-9
Subject: FBI Investigation at Dents Run, Pennsylvania
(January 15, 2018 to Present)

Dear Mr. Cluck:

This letter is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

The enclosed compact disc (CD) or digital video disc (DVD) containing videos and photographs was reviewed under the FOIPA, Title 5, United States Code, Sections 552/552a. Deletions have been made to protect information which is exempt from disclosure pursuant to 552 (b)(6), (b)(7)(C) and (b)(7)(E). The exemptions used are explained on the enclosed Explanation of Exemptions. The circular or elliptical black shapes on certain pictures represent deleted images and long pauses on the audio track represent deleted portions of the narrative and/or conversation.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

     In response to your Freedom of Information Act (FOIA) request, enclosed is a copy of the remainder of the video (13 minutes, 34 seconds) and 50 hi-resolution photos referencing Bates stamped pages FBI(22-cv-9)-2387 through FBI(22-cv-9)-2436 and the applicable exemptions.

        This is the fifth interim release of information responsive to your FOIPA request. This material is provided to you at no charge.

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

       a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

       b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history *record* or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FINDERS KEEPERS USA LLC,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No.: 1:22-CV-00009-APM

# EXHIBIT Y



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 14, 2022

WILLIAM CLUCK, ESQUIRE
FINDERS KEEPERS USA LLC
587 SHOWERS STREET
HARRISBURG, PA 17104

                              Civil Action No.: 22-cv-9
                              *Finders Keepers USA, LLC v Department of Justice*
                              FOIPA Request No.: 1405494-000
                              Subject: FBI Investigation at Dents Run, Pennsylvania
                              (January 15, 2018 to Present)

Dear Mr. Cluck:

        This letter is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

        The enclosed compact disc (CD) containing 65 photographs was reviewed under the FOIA, Title 5, United States Code, Section 552.   Deletions have been made to protect information which is exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).   The exemptions used are explained on the enclosed Explanation of Exemptions.   The circular or elliptical black shapes on certain pictures represent deleted images.

        Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

        Although your request is in litigation, we are required by law to provide you the following information:

        If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

        You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

        Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

        ☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosure(s)

In response to your Freedom of Information Act (FOIA) request, enclosed is a copy of the 35 hi-resolution color photographs you prioritized in your July 26, 2022 letter to the AUSA. In addition, enclosed are 30 hi-resolution color photos, which represent the first 10 photographs from each of the three (3) duplicate CDs, which you requested in your September 26, 2022 email communication with the AUSA. The FBI applied Bates stamps FBI(22-cv-9)-2437 thru FBI(22-cv-9)-2501 and the applicable exemptions to these 65 photographs.

The 35 prioritized hi-resolution color photographs correspond to the following black and white photographs previously provided to you:

| Bates Stamp Number (Color photographs) | Bates Stamp Number/Roll/Photo number (Black and White photographs) |
| --- | --- |
| 2437 thru 2439 | 1310; Roll 1 – 386 thru 388 |
| 2440 thru 2443 | 1311; Roll 1 – 389 thru 392 |
| 2444 | 1312; Roll 1 – 396 |
| 2445 thru 2446 | 1313; Roll 1 – 397 thru 398 |
| 2447 thru 2448 | 1321; Roll 1 – 430 thru 431 |
| 2449 | 1322; Roll 1 – 434 |
| 2450 | 1323; Roll 1 – 438 |
| 2451 thru 2452 | 1329; Roll 1 – 462, 464 |
| 2453 thru 2455 | 1330; Roll 1 – 465 thru 466, 468 |
| 2456 thru 2458 | 1331; Roll 1 – 469, 471 thru 472 |
| 2459 thru 2460 | 1332; Roll 1 – 475 thru 476 |
| 2461 thru 2463 | 1333; Roll 1 – 478 thru 480 |
| 2464 thru 2465 | 1344; Roll 2 – 1 thru 2 |
| 2466 | 1348; Roll 2 – 17 |
| 2467 | 1349; Roll 2 – 22 |
| 2468 | 1350; Roll 2 – 27 |
| 2469 thru 2471 | 1351; Roll 2 – 28, 30 thru 31 |

The FBI determined that of the four CDs, CDs 2–4 are duplicate to CD 1. The folders on the three CDs are in a different order than on the first CD. Therefore, the FBI, per Plaintiff's request, selected the first 10 photographs from CDs 2–4. These photographs, although duplicate to photographs located on CD 1, are not in the same order and, therefore, do not correspond to the first 10 photographs on CD 1, which were released to Plaintiff as part of the FBI's release on September 15, 2022.

Additionally, the panoramic photographs appear in both .TIF and .NEF format. The .NEF panoramic photograph appear as plain black photographs with no visible images.

The 30 hi-resolution color photographs from CDs 2–4 correspond to the following black and white photoraphs previously provided to you:

| CD Number/Bates Stamp Number (Color photographs) | Bates Stamp Number (Black and White photographs) |
|---|---|
| CD 2 – 2472 thru 2481 | 115 thru 122, 123 (Note: photo 9 was an all black .nef photo) |
| CD 3 – 2482 thru 2491 | 188 thru 197 |
| CD 4 – 2492 thru 2501 | 116 thru 121 and 123 thru 126 |

The first 50 hi-resolution color photographs from the first CD were provided to you on September 15, 2022.   This is the sixth and final release of information responsive to your FOIPA request. This material is provided to you at no charge.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

      a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
      b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ